UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANGIODYNAMICS, INC., )
    Plaintiff, )
     )
v. )   Civil Action No. 18-30092-MGM
     )
WOLFGANG NEUBERGER, et al., )
    Defendants. )

ORDER ON PLAINTIFF'S RULE (4)(f)(3) MOTION TO SERVE DEFENDANT
WOLFGANG NEUBERGER THROUGH HIS COUNSEL
(Dkt. No. 9)

ROBERTSON, M.J.

Plaintiff Angiodynamics, Inc. ("Angiodynamics") filed a motion for alternative service on defendant Wolfgang Neuberger ("Neuberger"). Neuberger has not responded. For the reasons set forth below, the court hereby GRANTS Plaintiff's motion for leave to conduct alternative service. Angiodynamics is authorized to serve Neuberger by serving copies of the summons, the complaint, and a copy of this order on attorney Edward Griffith, Esq., at The Griffith Firm, 45 Broadway – Suite 220, New York, N.Y. 10006 by registered mail, return receipt requested, and by email at counsel's law office.

    I.    <u>Legal Standard</u>

Federal Rule of Civil Procedure 4(f) governs service on an individual, such as Neuberger, who is in a foreign country.

> Rule 4(f) "provides three disjunctive methods for service abroad." [*Studio A Entm't, Inc. v. Active Distribs.,Inc.*, No. 1:06CV2496, 2008 WL 162785, at *2 (N.D. Ohio Jan. 15, 2008) (quoting *Sibley v. Alcan, Inc.*, 400 F. Supp. 2d 1051, 1055 n.8 (N.D. Ohio 2005))]. First, Rule 4(f)(1) allows for service by "any internationally agreed means . . . that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." [Fed. R. Civ. P. 4(f)(1)]. Second, Rule 4(f)(2) provides that "if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is

reasonably calculated to provide notice." [*Id.* at (f)(2)]. Third, Rule 4(f)(3) permits service by "other means not prohibited by international agreement, as the court orders." [*Id.* at f(3)].

"Based upon the plain language of Rule 4(f)(3), the only two requirements for service under that Rule are that it must be (1) directed by the court, and (2) not prohibited by international agreement." [*Lexmark Int'l v. Ink Techs. Printer Supplies, LLC*, No. 1:10-CV-564, 2013 WL 12178588, at *2 (S.D. Ohio Aug. 21, 2013) (citing *Popular Enters., LLC v. Webcom Media Grp., Inc.*, 225 F.R.D. 560, 561 (E.D. Tenn. 2004))]. Importantly, "courts have consistently found that there is not a hierarchy among the subsections of Rule 4(f)." [*Id.* (collecting cases)]. "[A] plaintiff is not required to first exhaust the methods contemplated by Rule 4(f)(1) and (2) before petitioning the Court for permission to use alternative means under Rule 4(f)(3)." [*Id.,* at *2 (citing *Studio A Entm't*, 2008 WL 162785, at *3; *Flava Works, Inc. v. Does 1-26*, No. 12 C 5844, 2013 WL 1751468, at *7 (N.D. Ill. Apr. 19, 2013); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002))].

*Ahkeo Labs LLC v. Plurimi Inv. Managers LLP*, Case No. 1:17-CV-1248, 2017 WL 2793918 (N.D. Ohio, June 26, 2017) (case citations in footnotes in original included in text); *see also Angiodynamics, Inc. v. Biolitec AG*, 780 F.3d 420, 429 (1st Cir. 2015) (addressing adequacy of service under Rule 4(f)(3) of preliminary injunction and contempt order on Neuberger and Biomed Technology Holdings, Ltd.; "By its plain terms, Rule 4(f)(3) does not require exhaustion of all possible methods of service by 'other means,' such as service through counsel and by email."). "To pass constitutional muster, a method of service must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Hydentra HLP INT, Ltd. v. Sagan, Ltd.*, No. CV-16-01494-PHX-DGC, 2017 WL 490371, at *1 (D. Ariz. Feb. 7, 2017) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). "'While a plaintiff is not required to attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3), a district court may nonetheless require parties to show that they have reasonably attempted to effectuate service on the defendant, and that the circumstances are such

2

that the district court's intervention is necessary.'" *Ahkeo Labs LLC*, 2017 WL 2793918, at *2 (quoting *Fed. Trade Comm'n v. Repair All PC, LLC*, No. 1:17 CV 869, 2017 WL 2362946, at *3 (N.D. Ohio May 31, 2017)). "[W]hether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." *Freedom Watch, Inc. v. OPEC*, 766 F.3d 74, 81 (D.C. Cir. 2014) (citation omitted); *see also Rio Props., Inc.*, 284 F.3d at 1014.

II. <u>Reasons Justifying Alternative Service Order</u>

To the extent it was required to do so before invoking Rule 4(f)(3), Angiodynamics has adequately demonstrated that the court's intervention is necessary. In prior related litigation between Angiodynamics and Neuberger, the First Circuit affirmed this court's order authorizing service through counsel and by email, observing that:

> The record demonstrates that [Angiodynamics] endeavored to serve both Biomed and Neuberger in multiple countries on multiple occasions and by various methods. Despite [Angiodynamics's] repeated requests, Neuberger would not authorize his counsel to accept service on his behalf, despite his admitted awareness of the suit. [Angiodynamics] tried to serve Biomed and Neuberger four times in Germany in accordance with the Hague Convention, including an attempt at a [Biolitec AG] shareholder meeting which Neuberger unexpectedly failed to attend. After Defendants argued that Neuberger and Biomed should have been served by registered mail in Dubai and Malaysia, Plaintiff delivered service documents by registered mail, with return receipt requested, to Neuberger's address in Dubai and Biomed's headquarters in Malaysia. Nevertheless, Neuberger and Biomed refused to concede at the alternative service motion hearing that these mailings effectuated service of process on them. . . . Given that the district court was presented with "an elusive international defendant striving to evade service of process," the court acted within its discretion when it authorized alternative service under Rule 4(f)(3).

*Angiodynamics, Inc.*, 780 F.3d at 428-29 (quoting *Rio Props., Inc.*, 284 F.3d at 1016). Further, in a related case pending here, this court recently authorized plaintiff Angiodynamics to make service on Neuberger through his counsel. *Angiodynamics, Inc. v. Neuberger*, No. 18-cv-30038-MGM, slip op. (D. Mass. filed July 12, 2018).

3

With Angiodynamics as the plaintiff and Neuberger as a defendant in the current case, the court has before it two of the parties who were before the court in *Angiodynamics v. Biolitec AG, et al.*, Civil Action No. 09-cv-30181-MAP, one of whom – Neuberger – has a well-documented history of deliberately evading service of litigation documents. Attorney Edward Griffith is listed as counsel for Neuberger in docketing statements filed with the United States Court of Appeals for the First Circuit beginning in June 2014. On September 6, 2018, Mr. Griffith filed a brief on behalf of Neuberger and others in the First Circuit (Dkt. No. 11 at 2, ¶ 11 & Exh. C). The court issued summonses in the case at bar on June 20, 2018. On July 9, 2018, William Reynolds, one of Angiodynamics's lawyers, asked Mr. Griffith by email whether Mr. Griffith would accept service on behalf of Neuberger of the complaint in the instant case (*id.*, ¶ 4). Mr. Griffith told Mr. Reynolds that he was not authorized to accept service pf process in the instant case (*id.*, ¶ 6). On July 11, 2018, Mr. Reynolds arranged for a waiver of service to be sent to Neuberger by Federal Express. Mr. Reynolds sent an electronic copy of the waiver of service to Mr. Griffith on the same day (*id.*, ¶¶ 5-6). Tracking records show that the waiver of service of process was delivered to Neuberger's Austrian business address on July 13, 2018. Neuberger did not respond (*id.*, ¶ 7). In a subsequent conversation on September 6, 2018, Mr. Griffith stated that he had spoken with Neuberger about the instant action and that Neuberger refused to authorize Mr. Griffith to accept service on Neuberger's behalf (*id.* at 2-3, ¶ 12).

The history set forth above and pertinent case law support authorizing alternative service on Neuberger in the new case now before the court. In summary, Angiodynamics seeks alternative service on Neuberger based on its past experience with him, his refusal in the current case to accept service of process through counsel who represent him in an appeal pending in the First Circuit, and the court's authorization of alternative service in prior actions involving

Angiodynamics and Neuberger as parties.  One of the decisions authorizing alternate service was affirmed by the First Circuit on appeal.  *See Hydentra HLP INT.*, 2017 WL 490371, at *2 (authorizing alternative means of service when the defendants' purposeful evading of service in an earlier case between the same parties had resulted in the court granting leave for alternative service in the earlier case).  Nothing has changed.  Neuberger remains "'an elusive international defendant striving to evade service of process.'"  *Angiodynamics, Inc.*, 780 F.3d at 429 (citing *Rio Props., Inc.*, 284 F.3d at 1016).  Authorizing an alternative means of service will save time and will not improperly disadvantage Neuberger.

Due process concerns are satisfied because Neuberger has actual notice of this lawsuit through Mr. Griffith.  It is not unfair to require Neuberger, who continues to participate as a litigant in an appeal pending in the First Circuit, to appear before this court as a litigant in the current case.  *See Akheo Labs LLC*, 2017 WL 2793918, at *2 (service on the defendant's attorney did not offend notions of due process when defendants' lawyers already knew about the suit and refused to accept service on their clients' behalf); *RSM Prod. Corp. v. Fridman*, No. 06 Civ. 11512(DLC), 2007 WL 2295907, at *6 (S.D.N.Y. Aug. 10, 2007) (declining to reconsider an order authorizing service on a defendant by means of service on the defendant's lawyer with whom the defendant had a long-term relationship when the defendant had actual notice of the lawsuit and had initiated litigation in federal court in this country).

Finally, service by registered mail and email on counsel who is serving as Neuberger's lawyer in an appeal currently pending in the First Circuit is not prohibited by international agreement.  *See, e.g., Akheo Labs LLC*, 2017 WL 2793918, at *2; *Bazarian Int'l Fin. Assocs. v. Desarrollos Aerohotelco, C.A.*, 168 F. Supp. 3d 1, 14 (D.D.C. 2016).

    III.    <u>Conclusion</u>

For the foregoing reasons, the court GRANTS Angiodynamics's Rule 4(f)(3) Motion to Serve Defendant Wolfgang Neuberger Through His Counsel.  Angiodynamics is authorized to serve Neuberger by serving the summons, complaint, and a copy of this order on attorney Edward Griffith, Esq., at The Griffith Firm, 45 Broadway – Suite 220, New York, N.Y. 10006, by registered mail, return receipt requested, and by email at his law office.

It is so ordered.

Dated: November 5, 2018

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
U.S. MAGISTRATE JUDGE